ROD K. TANNER, (SBN 195479)
R.K. TANNER ASSOCIATES LLP
1900 S. Norfolk Street, Suite 350
San Mateo, CA 94403
Tel: (650) 931-2520
Fax: (650) 931-2521
rkt.assoc@comcast.net

*Counsel for Defendants, Bay Area Equity Group, LLC,
Antranik Kabajouzian aka Anto Kabajouzian and
My Self Direct, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ANTONIA LONERGAN, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENT TRUST GROUP, LLC, MY SELF DIRECT, LLC, BAY AREA EQUITY GROUP, LLC, VANGUARD TITLE INSURANCE AGENCY, LLC, ANTRANIK KABAJOUZIAN a/k/a ANTO KABAJOUZIAN, and DOES 1-3,<br><br>Defendants. | Case No. C 13-020811-WHA<br><br>Date: August 27, 2013<br>Time: 10:00 a.m.<br>Judge: Hon. William H. Alsup<br><br>**DEFENDANT MY SELF DIRECT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JUSTIN BACHMAN; DECLARATION OF ROD K. TANNER; [PROPOSED] ORDER**<br><br>DATE OF FILING: MAY 7, 2013<br>TRIAL DATE: NONE |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court located at 280 South First Street #2112, San Jose, California 95113, Defendant My Self Direct, LLC ("My Self Direct") will and hereby does move the Court to dismiss the putative Class Action Complaint ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6), filed against it by Plaintiff Antonia Lonergan, individually and on behalf of a purported class of similarly situated persons

MY SELF DIRECT'S NOTICE AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

("Plaintiff"), on the ground that the Complaint fails to state a claim upon which relief can be granted.

This motion is supported by the following memorandum of points and authorities, the Declaration of Justin Bachman and the Declaration of Rod K. Tanner filed and served herewith.

Dated:  July 18, 2013                                    R.K. TANNER ASSOC. LLP

_____
Rod K. Tanner, Counsel for Bay Area Equity Group, LLC, Antranik Kabajouzian aka Anto Kabajouzian and My Self Direct, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Antonia Lonergan ("Lonergan") alleges that her investment in Detroit properties was induced by fraud, including the fraud of Defendant My Self Direct. All of the claims asserted in Lonergan's Complaint arise from the alleged fraud.

However, Lonergan alleges against Defendant My Self Direct, LLC ("My Self Direct") only that it provided marketing materials and marketing support to the alleged fraudster Bay Area Equity Group, LLC ("BAE"), and that My Self Direct's credibility as a business entity facilitated BAE's alleged fraud.

### II.  RELEVANT FACTS

Lonergan's Complaint alleges against My Self Direct only that it was part of a common enterprise that also included Defendants Provident Trust Group, LLC ("Provident"), Bay Area Equity Group, LLC ("BAE"), Vanguard Title Insurance Agency, LLC, and Antranik Kabajouzian aka Anto Kabajouzian (collectively, "Kabajouzian").  Cmpl. ¶ 2.

The Complaint further alleges that My Self Direct "markets for and refers potential [Self Directed IRA ("SDIRA")] clients to Provident ( (Cmpl. ¶ 7); My Self Direct owns the content of and copyright to BayAreaSelfDirect.com.  (Cmpl. ¶ 10); My Self Direct served as SDIRA record keeper, marketing affiliate, and agent for Provident (Cmpl. ¶ 14); the relationship between My

MY SELF DIRECT'S NOTICE AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

Self Direct, Provident, BAE, and Kabajouzian involves shared personnel, resources, and control (Cmpl. ¶ 16); My Self Direct sold Provident's SDIRA Custodian Administrator services to third parties (Cmpl. ¶ 49); it is unknown how much compensation My Self Direct received from Provident for each "sale" of SDIRA services (Cmpl. ¶ 50); with Provident, My Self Direct developed and provided all SDIRA marketing materials, SDIRA forms, and the "touch and feel" for the BayAreaSelfDirect.com website (Cmpl. ¶ 51); Provident and My Self Direct provided the forms, "know-how," and information for BAE to sell Provident's SDIRA services (Cmpl. ¶ 52); and Provident and My Self Direct purposefully gave BAE credibility (Cmpl. ¶ 55).

Upon the foregoing allegations, and nothing more, Plaintiff and Plaintiff's counsel state claims of intentional fraud, negligent misrepresentation, and RICO against My Self Direct.

### III. ISSUE PRESENTED

Plaintiff's complaint fails to state a claim against My Self Direct upon which relief can be granted, and should be dismissed as to My Self Direct pursuant to Rule 12(b)(6).

### IV. LEGAL ARGUMENT AND ANALYSIS

**A.   Plaintiff's Complaint Does Not Meet the Pleading Standards of Rules 8 and 9(b), and Should Be Dismissed under Rule 12(b) (6).**

Federal Rule of Civil Procedure rule 8 requires that the complaint must show that the pleader is entitled to relief.  Rule 9(b) requires that a party must state with particularity the circumstances constituting an allegation of fraud.

Rule 9 (b) requires "the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Ness v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted).  This means that Plaintiff must plead "the who, what, when, where, and how" of the alleged fraudulent misconduct.  *Id.*  "Claims of fraud . . . must, in addition to pleading with particularity, also plead plausible allegations." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir 2011).  On a Rule 12 motion, as here, dismissal is proper "where there is no cognizable Block, 250 F.3d 729, 732 (9th Cir. 2001). "Facts that are merely consistent with a defendant's liability" is not sufficient to state a plausible claim. Ashcroft v.

1  Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 (2009). The Complaint must plead facts, not just
2  "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
3  do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct 1955, 1964-65 (2007).

4  In *Levine v. The Entrust Group, Inc., et al.*, current plaintiff's counsel pleaded claims
5  nearly identical to those pleaded herein on behalf of a different putative class of self-directed IRA
6  investors. (*Levine v. The Entrust Group, Inc., et al.*, No. C 12-013959-WHA, 2012 WL
7  6087399, *1 (N.D. Cal. Dec. 6, 2012).) ("Entrust I"; Exhibit C.). As here, the claims were
8  asserted against custodians of self-directed IRAs. Defendants' motions to dismiss the initial
9  complaint were granted by Judge Alsup, *inter alia* because defendants because the claims for
10 relief "sound[ed] in fraud" but failed to meet the Rule 9(b) specificity pleading standard. *Id.* at
11 *1-2; *see also Levine v. Entrust Group, Inc., et al.*, No. C 12-03959-WHA, 2013 WL 1320498,
12 *3-6 (N.D. Cal. Apr. 1, 2013).) ("Entrust II," Exhibit D.)

13 In a third claim against the Entrust Group by the same plaintiffs, Judge Alsup expressed
14 the concern that, *"[T]he complaint in this action is but one of several cookie-cutter complaints*
15 *filed by plaintiffs. This order is concerned that plaintiffs are filing parallel complaints against*
16 *defendants until they can find a judge who permits their allegations to survive a motion to*
17 *dismiss."* *Levine v. Entrust Group, Inc., et al.*, No. C 12-03959-WHA, 2013 WL 2606407, *2
18 fn* (N.D. Cal. June. 11, 2013) (emphasis added). ("Entrust III," Exhibit D.)

19 Here, all of Plaintiff's claims against My Self Direct sound in fraud and rely on the
20 intentional fraud claim, namely that My Self Direct, a marginally involved IRA facilitator,
21 assisted in perpetrating a fraud against Plaintiff by purportedly lending credibility to BAE, the
22 alleged fraudster, by purportedly providing marketing materials to BAE, and by purportedly
23 knowing of the third-party fraud and not revealing it to Plaintiff.

24 Under California law, to plead fraud a plaintiff must plead, with specificity and
25 plausibility: 1) a false misrepresentation; 2) knowledge of its falsity; 3) intent to defraud; 4)
26 justifiable reliance; and 5) damages." *Ness*, *supra*, 317 F.3d at 1105. Plaintiff's allegations are
27 insufficient because they lack specificity and plausibility with regard to at least four of these five
28

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

elements, because they improperly try to lump My Self Direct into purposefully vague group pleadings, and because Plaintiff fails to plead entire elements of her individual causes of action.

### 1. Plaintiff Fails to Allege a False Misrepresentation.

The closest Plaintiff comes to alleging any factual misrepresentation at all is that BAE purportedly misrepresented the condition of Plaintiff's Detroit investment properties and the rate of return on her investments. See, e.g., Compl. ¶¶ 102, 142. Plaintiff does not allege that My Self Direct made any misrepresentations. In fact, the only direct contact Plaintiff pleads regarding My Self Direct is that she obtained a telephone number for an agent of Provident from an agent of My Self Direct. Compl. ¶ 146. Plaintiff's claim of fraud against My Self Direct fails on that ground alone.

Plaintiff appears to suggest that My Self Direct engaged in misrepresentation by providing marketing services to BAE. However, it is not misrepresentation to provide such services unless My Self Direct knowingly provided marketing resources it knew BAE would use to make false representations, and Plaintiff makes no such allegation.

Plaintiff also appears to allege that My Self Direct engaged in misrepresentation by lending credibility to BAE. However, it is not misrepresentation for a reputable company with a good name and reputable website to provide marketing support to a company My Self Direct had no way of knowing BAE might have made misrepresentations to Plaintiff as alleged.

### 2. Plaintiff Fails to Allege Knowledge of Falsity.

A purpose of Rule 9(b) is to "deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs" and "to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quotations omitted); *Entrust II*, 2013 WL 1320498 at *4 (same).

Undeterred, Plaintiff's counsel asserts a claim of fraud against My Self Direct. In order to allege that cause of action, Plaintiff implicitly alleges that My Self Direct, with which Plaintiff does not allege any contact from which an actionable false representation could have occurred, knew that said nonexistent representation was false. It seems that the *Kearns* and *Entrust II*

penned the above observation with plaintiffs such as Lonergan and counsel such as Lerman in mind.

### 3. Plaintiff Fails to Allege Justifiable Reliance.

As with the element of knowledge of falsity, Plaintiff absurdly alleges that Plaintiff justifiably relied upon a false representation made by My Self Direct which Plaintiff does not competently allege occurred. Plaintiff does not allege that she actually relied upon any action to My Self Direct that would support a claim of fraud. Instead, Plaintiff seems to hope that her implied allegation of false representation and implied allegation of knowledge of falsity of said implied false representation will somehow show implied justifiable reliance, and that such implication will satisfy the reliance element of a cause of action for fraud.

Plaintiff admits that she invested in a *self-directed* IRA. *See* Compl. ¶ 5. This fact alone shows that Plaintiff was not "justified" in relying upon the passive marketing support or alleged credibility that My Self Direct provided BAE. In 2011, the Securities and Exchange Commission ("SEC") issued an "Investor Alert" warning investors that, "As with every investment, [self-directed IRA] investors should undertake their own evaluation of the merits of a proposal, and should check with regulators about the background and history of an investment and its promoters before making a decision." *Securities and Exchange Commission Investor Alert: Self Directed IRAs and the Risk of Fraud* (2011). It cannot be fairly said that in issuing that alert, the SEC intended that investors could be assured of the safety of an investment if they relied upon the credibility of and marketing materials created or supplied by a reputable company such as My Self Direct.

### 4. Plaintiff Fails to Allege Damages.

Plaintiff does not allege any cost she incurred by allegedly relying upon the credibility of and marketing materials created or supplied by a My Self Direct. Even if Plaintiff's investments with BAE were fraudulent, and My Self Direct has no basis to think or believe they were, Plaintiff has no legal basis for recovering any amount from My Self Direct. The Complaint makes no factual allegations that My Self Direct did anything to cause Plaintiff any

1  damage, or that My Self Direct could have done anything that could have prevented or mitigated
2  Plaintiff's purported damages

### 5. Plaintiff Improperly Grouped Defendants.

"In order to provide adequate notice of a fraud claim to defendants, '[i]n the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.'" *Entrust II*, 2013 WL 1320498 at *6 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)); *see also Entrust III*, 2013 WL 2606407 at *5 ("Plaintiffs must inform each defendant separately of the allegations surrounding his alleged participation in the fraud." (internal quotations omitted)).

Yet, as they did in *Entrust*, plaintiff's counsel has purposefully pleaded the Complaint against My Self Direct by grouping the defendants together and making countless allegations about what "Defendants" did or did not do. *See, e.g.*, Compl. ¶¶ 79-82, 89-91, 93-94, 164-167, 175 178, 182-188, 198-210. This group pleading fails to inform My Self Direct of the allegations surrounding its alleged participation in the alleged fraud. More importantly, it hides the fact that Plaintiff can allege no specific, plausible facts to show that My Self Direct was in any way involved in any alleged fraud. Just as it was in *Entrust*, Plaintiff's improper group pleading is dispositive.

Plaintiff's counsel tries to avoid the result in *Entrust*, and to justify the improper group pleading, by advancing conclusory allegations that all of the defendants were engaged in an "incestuous relationship" that "involved shared personnel, resources, and control." *See, e.g.*, Compl. ¶¶ 15-16.  But the complaint alleges no facts to support this theory of shared personnel, or any factual allegation that connects My Self Direct to the alleged fraud committed by BAE or Kabajouzian. There is literally not a single allegation of wrongdoing on the part of My Self Direct in the Complaint.

### B. Plaintiff Fails to Plead Required Elements of Individual Claims.

Plaintiff's first claim for conversion fails because Plaintiff fails to allege the required element that My Self Direct had control of Plaintiff's property. "Under California law, conversion is the wrongful exercise of dominion over another's personal property in denial of or

1  inconsistent with [her] rights in the property." *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003).
2  At best, Plaintiff alleges that My Self Direct, grouped with all Defendants, "aided and abetted
3  Ponzi Schemes and other fraudulent conduct that permitted Kabajouzian to exercise
4  unauthorized dominion and control over the property." *See* Compl. ¶ 164.  However, Plaintiff
5  does not allege that Provident exercised dominion and control over "the property," and the
6  Complaint is devoid of facts that suggest Provident did so.  As in *Entrust II*, Plaintiff[]
7  ha[s]failed to allege an essential element of this claim," and "[t]his is dispositive." *Entrust II*,
8  2013 WL 1320498 at *7.

9      Plaintiff's conversion claim also fails to specify what property was allegedly converted.
10 To the extent Plaintiff's conversion claim contemplates money as the subject "property,"
11 California permits a conversion claim over money only when "there is a specific identifiable sum
12 involved." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro, LLP*, 150
13 Cal.App. 4th 384, 395 (2007). Plaintiff's conversion claim discusses "the property" and "their
14 funds," but fails to specify what property was purportedly converted, let alone the "specific,
15 identifiable sum involved."  *See, e.g.*, *Entrust II*, 2013 WL 1320498 at *8.

16     Plaintiff's RICO claim fails for many of the same reasons identified above (i.e., failing to
17 allege facts that defendants acted as a single "enterprise" in order to "perpetuate a fraudulent
18 scheme").  Further, the Court can easily dispatch with Plaintiff's RICO claim for failure to allege
19 a crucial element of any RICO claim, a "pattern of racketeering activity." *H.J. Inc. v. Nw. Bell*
20 *Telephone Co.*, 492 U.S. 229, 232 (1989).  Plaintiff plainly does not allege any facts against My
21 Self Direct that could fairly be said to constitute "racketeering activity."  Moreover, Plaintiff fails
22 to allege a "pattern" of racketeering activity.  By definition, a "pattern" "requires at least two acts
23 of racketeering activity." *Id.* at 237 (quoting 18 U.S.C. § 1961(5)).  Here, Plaintiff has failed to
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

MY SELF DIRECT'S NOTICE AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

successfully plead even one act of racketeering activity, and has certainly not pled two or more such acts.

### V.  CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint against My Self Direct, with prejudice, pursuant to Rule 12(b)(6).

Dated:  July 18, 2013

Respectfully submitted,
R.K. TANNER ASSOC. LLP

_____
Rod K. Tanner, Counsel for Bay Area Equity Group, LLC, Antranik Kabajouzian aka Anto Kabajouzian and My Self Direct, LLC

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over 18 and not a party to the within action. My business address is 1900 S. Norfolk Street, Suite 350, San Mateo, CA 94403.

On July 18, 2013, I served in the manner indicate below the foregoing documents described as:

**DEFENDANT MY SELF DIRECT, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JUSTIN BACHMAN; DECLARATION OF ROD K. TANNER; [PROPOSED] ORDER**

on the interested partied in this action:

| | |
|---|---|
| **PLAINTIFF COUNSEL** | Cathy J. Lerman, Esquire (pro hac vice) CATHY JACKSON LERMAN, PA<br>1440 Coral Ridge Drive<br>Coral Springs, FL 33071<br>954.663.5818<br>954.341.3568, fax<br>clerman@lermanfirm.com |
| **PLAINTIFF COUNSEL** | David Keith Dorenfeld, Esquire<br>Michael W. Brown, Esquire<br>SNYDER & DORENFELD, LLP<br>5010 Chesebro Road<br>Agoura Hills, CA 91301<br>818.865.4000<br>818.865.4010, fax<br>David@sd4law.com |
| **PLAINTIFF COUNSEL** | Lawrence T. Fisher, Esquire<br>BURSON & FISHER, P.A.<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, California 94596<br>925.300.4455<br>925.407.2700, fax<br>ltfisher@bursor.com |
| **DEFENDANT COUNSEL** | Matthew L. Lalli mlalli@swlaw.com<br>SNELL & WILMER L.L.P.<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101<br>801.257.1900<br>801.257.1800, fax<br><br>Alina Mooradian<br>amooradian@swlaw.com<br>Jonathan R. Murphy<br>jrmurphy@swlaw.com<br>SNELL & WILMER L.L.P.<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626-7689<br>714.427.7000<br>714.427.7799, fax |

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

MY SELF DIRECT'S NOTICE AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES