1  ROD K. TANNER, (SBN 195479)
2  R.K. TANNER ASSOCIATES LLP
   1900 S. Norfolk Street, Suite 350
3  San Mateo, CA 94403
   Tel:  (650) 931-2520
   Fax:  (650) 931-2521
4  rkt.assoc@comcast.net

5  *Counsel for Defendants, Bay Area Equity Group, LLC,*
   *Antranik Kabajouzian aka Anto Kabajouzian and*
6  *My Self Direct, LLC*

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12  ANTONIA LONERGAN, individually and on        Case No. C 13-02081-WHA
    behalf of a class of similarly situated persons,
13                                                 Date:    September 12, 2013
              Plaintiff,                           Time:    8:00 a.m.
14                                                 Judge:   Hon. William H. Alsup
        vs.
15                                                 **DEFENDANTS BAEG AND**
    PROVIDENT TRUST GROUP, LLC, MY               **KABAJOUZIAN'S NOTICE OF**
16  SELF DIRECT, LLC, BAY AREA                    **MOTION AND MOTION TO DISMISS**
    EQUITY GROUP, LLC, VANGUARD                   **COMPLAINT; MEMORANDUM;**
17  TITLE INSURANCE AGENCY, LLC,                  **[PROPOSED] ORDER**
    ANTRANIK KABAJOUZIAN a/k/a ANTO
18  KABAJOUZIAN, and DOES 1-3,                    Date of Filing:    May 7, 2013
                                                   Trial Date:        None
19            Defendants.

20

21

22      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

23      PLEASE TAKE NOTICE that on September 12, 2013 at 8:00 a.m., or as soon thereafter

24  as the matter may be heard in Courtroom 8 of the above-entitled Court located at 450 Golden

25  Gate Avenue, San Francisco, CA 94102, defendants Bay Area Equity Group, LLC ("BAEG")

26  and Anto Kabajouzian aka Antranik Kabajouzian ("Kabajouzian") will and hereby do move the

27  Court to dismiss the putative Class Action Complaint ("complaint"), pursuant to Fed. R. Civ. P.

28

(Left margin, vertical text:) R.K. TANNER ASSOCIATES LLP — 1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1   ("FRCP" or "Rule") 12(b)(6), filed against them by Plaintiff Antonia Lonergan ("Lonergan"),

2   individually and on behalf of a purported class of similarly situated persons (collectively

3   "Plaintiffs"), on the ground that the Complaint fails to state a claim upon which relief can be

4   granted.

5          This motion is supported by the following memorandum of points and authorities, the

6   Request for Judicial Notice filed and served herewith, and any oral argument permitted by the

7   Court.

8

9   Dated:  August 12, 2013                          R.K. TANNER ASSOC. LLP

10

11                                                   Rod K. Tanner, Counsel for Bay Area Equity
                                                     Group, LLC, Antranik Kabajouzian aka Anto
12                                                   Kabajouzian and My Self Direct, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 3

II.  RELEVANT FACTS ..................................................................................... 3

III.  ISSUE TO BE DECIDED ............................................................................ 6

IV.  LEGAL ANALYSIS AND ARGUMENT ................................................... 6

    A.    Lonergan's Complaint Fails to Satisfy the FRCP Rule 9 Pleading Requirement that a Plaintiff Plead a Claim of Fraud with Particularity. ...................................................................... 6

        1.    Purpose of particularity requirement. ................................................... 6

        2.    Specific particularity requirement. ....................................................... 7

        3.    Conclusory allegations are insufficient, inter alia because they do not give fair notice to defendants. ................................................................................................. 9

        4.    Multiple defendants may not be grouped together. .................................... 11

    B.    Lonergan's Complaint Fails to Satisfy the Rule 8 Pleading Requirement that a Plaintiff Plead Sufficient Facts to Make a Claim Plausible. ................................................ 14

    C.    Because Lonergan Fails to Satisfy the Particularity Pleading Requirement of FRCP Rule 9(b), her RICO Claim also Fails. ............................................................... 16

        1.    The Rule 9(b) particularity requirement applies to RICO claims predicated upon acts of fraud. ............................................................................................................ 17

        2.    Multiple defendants may not be grouped together in alleging RICO claims. ............ 18

V.   CONCLUSION ............................................................................................. 19

R.K. TANNER ASSOCIATES LLP

1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

## TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th Cir. 1999) ............... 4, 7, 14, 19

*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010) .................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 1937) ........................................................................... 14

*Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992) ................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007) ........................................................... 15

*Blake v. Dierdorff*, 856 F.2d 1365 (9th Cir. 1988) ................................................................. 17

*Circuit Sears v. Likens*, 912 F.2d 889 (7th Cir. 1990) ...................................................... 12, 14

*Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639 (8th Cir. 1995) ................. 10

*Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ................................................................. 11

*Deutsch v. Flannery*, 823 F.2d 1361 (9th Cir. 1987) ............................................................... 7

*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010) ...................................... 7

*Hayduk v. Lanna*, 775 F.2d 441 (1st Cir. 1985) ...................................................................... 7

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) .................................................... 8

*Moore v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. N.Y. 1999) ............................................... 17

*Slaney v. Int'l Amateur Ath. Fed'n*, 244 F.3d 580 (7th Cir. 2001) ............................................ 17

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ........................................................................ 10

*United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180 (5th Cir. 2009) ................. 6

*United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir. 2001) ................ 7

*United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439 (6th Cir. 2008) ...................... 6

*United States v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251 (D.C. Cir. 2004) ..................... 10

*Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771 (7th Cir. 1994) ....................................... 18

**Statutes**

26 U.S.C. ¶ 4975(e)(2) ............................................................................................................ 4

**Rules**

Fed. R. Civ. P. 8(a)(2) ...................................................................... 3, 6, 10, 14, 15, 16, 19

Case No. C 13-02081-WHA

DEFENDANTS BAEG AND KABAJOUZIAN'S MOTION TO DISMISS COMPLAINT

1

Fed. R. Civ. P. 9(b) ................................................................... 3, 6, 7, 8, 9, 10, 11, 14, 16, 17, 18, 19

2

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**R.K. TANNER ASSOCIATES LLP**
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

Case No. C 13-02081-WHA

DEFENDANTS BAEG AND KABAJOUZIAN'S MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

# MEMORANDUM

## I.   INTRODUCTION

Lonergan's entire complaint sounds in fraud, including her RICO cause of action which is predicated upon mail and wire fraud.  Pursuant to Rule 12(b)(6), the complaint fails to state a cause of action upon which relief can be granted because the complaint fails to plead fraud with the plausibility required by Rule 8, or with the particularity required by Rule 9(b).

## II.   RELEVANT FACTS

It appears that Lonergan drew her complaint with the objective of certifying a class instead of with the objective of stating Lonergan's alleged causes of action against the defendants.

Lonergan's complaint fails to plead with particularity as is required to state a claim for fraud pursuant to FRCP Rule 9(b).  Lonergan's complaint relies almost entirely upon conclusory allegations, which allegations are insufficient to state a claim for fraud pursuant to Rule 8 and Rule 9(b), *inter alia* because said allegations do not give defendants sufficient notice. Lonergan's complaint groups defendants together which is impermissible pursuant to Rule 9(b). And Lonergan's complaint fails to plead sufficient facts to make her claims plausible, as is required by Rule 8.

Three of Lonergan's conclusory allegations perhaps particularly exemplify the failing of Lonergan's pleading.  First, Lonergan reveals her inability to plead with particularity and with sufficient facts to make her claim plausible with this allegation:

> To this day, Lonergan does not know what happened to her Provident Trust SDIRA assets or the real estate she purchased from BAE with cash.

(Compl. ¶ 151.)

That allegation is troubling because it reveals that neither Lonergan nor her counsel conducted sufficient precomplaint investigation to determine whether there is any merit to Lonergan's allegations, most of which are conclusory in nature.  It also reveals that neither Lonergan nor her counsel know with any certainty what defendant allegedly played what role in the wrongdoing Lonergan alleges.  As further discussed below, one of the purposes of Rule 9(b)

is to require the plaintiff to allege the who, what, where, and when of the alleged fraud, in order to require the plaintiff to conduct a *precomplaint investigation* in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." (*Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (emphasis added).)

The above-referenced conclusory allegation also reveals that Lonergan's failure to conduct sufficient precomplaint investigation makes it unlikely she can plead facts sufficient to make her pleading plausible.  E.g., Lonergan alleges that BAEG and Kabajouzian are "disqualified persons" pursuant to 26 U.S.C. ¶ 4975(e)(2), and that they therefore wrongfully directed Lonergan to defendants My Self Direct, LLC and Provident Trust, LLC, for the purpose of structuring the Self-Directed IRAs that enabled Lonergan to purchase the income properties offered by BAEG.  However, Section 4975(e)(2) defines "disqualified persons" as:

     (A) a fiduciary;

     (B) a person providing services to the plan;

     (C) an employer any of whose employees are covered by the plan;

     (D) an employee organization any of whose members are covered by the plan;

     (E) an owner of capital or beneficial interest in employer or employee organization such as described in (C) or (D);

     (F) a member of the family;

     (G) a corporation, partnership, or trust or estate which controls the voting power of all stock, capital interest, or beneficial interest is owned directly or indirectly, or held by persons described in (A), (B), (C), (D), or (E);

     (H) an officer, director, 10 percent or more shareholder, or highly compensated employee of a person described in (C), (D), (E), or (G); or

     (I) a 10 percent or more partner or joint venturer of a person described in (C), (D), (E), or (G).

(26 U.S.C. § 4975(e)(2).)

Case No. C 13-02081-WHA

BAEG AND KABAJOUZIAN'S MOTION TO DISMISS COMPLAINT

Neither BAEG nor Kabajouzian fit into any of the above-described categories.  Thus, it appears that Lonergan's complaint relies, at least in part, on allegations not based on true facts. Sufficient precomplaint investigation would have likely made her complaint more plausible.

Lonergan also reveals failure to plead with particularity, and failure to plead facts sufficient to make her claim plausible, with this conclusory allegation:

> KABAJOUZIAN is no stranger to California securities regulators. In December of 2010, the State of California Corporations Commissioner issued a cease and desist order to KABAJOUZIAN and others arising from the sale of illegal, unregistered securities in mortgages, real estate, trust deeds, etc. Pursuant to that order, KABAJOUZIAN was to cease selling illegal securities as well as cease representing himself as a licensed investment advisor/broker. KABAJOUZIAN chose to do neither.

(Compl. ¶ 47.)  The four-page cease and desist order Lonergan references (Request for Judicial Notice), reports in detail the wrongful conduct of Terrance Brown, owner and operator of Alexander, Anthony & Brown, Inc.  However, the order makes only three non-substantive mentions of Kabajouzian:

> 1) "Anto Kabajouzian is an individual who resides in [California and served as Alexander, Anthony & Brown, Inc.'s] branch manager." (Order 1:14-15);

> 2) Based upon the foregoing findings, the California Corporations Commissioner is of the opinion that the activities of Terrance Brown, Anto Kabajouzian and Alexander, Anthony & Brown, Inc. involve offers or sales of securities . . . ." (Order 4:7-9); and

> 3) "Pursuant to section 25532 of the Corporations Code, Terrance Brown, Anto Kabajouzian and Alexander, Anthony & Brown, Inc. are hereby ordered to:  1. Desist and refrain . . . . (Order 3:20-22).

How the Department examiner concluded that Kabajouzian was complicit in Brown's misconduct without any examination of Kabajouzian's role or duties as a branch manager is puzzling, at best.  The Department's report is easily accessible on the web.  Had Lonergan or her counsel conducted a modicum of precomplaint investigation they would have learned that the Department made no report of Kabajouzian selling securities or representing himself as a licensed real estate broker, as Lonergan alleges.  In truth, Kabajouzian was unaware that Brown was involved in any wrongful conduct.  This issue is not very significant to Lonergan's claim or

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

Kabajouzian's defense, however it provides another verified example of how Lonergan's complaint is based upon conclusory allegations, pleaded without particularity, pleaded without sufficient facts to make Lonergan's claim plausible, and pleaded with no precomplaint investigation.

### III.  ISSUE TO BE DECIDED

Lonergan's complaint does not allege fraud with sufficient Rule 8 plausibility or sufficient Rule 9(b) particularity to state claims for fraud and deceit, especially because Lonergan groups defendants regarding nearly all material allegations.  Furthermore, Lonergan's RICO allegations, which are predicated upon mail and wire fraud, are insufficient in their plausibility and particularity to state a cause of action.

### IV.  LEGAL ANALYSIS AND ARGUMENT

**A.   Lonergan's Complaint Fails to Satisfy the FRCP Rule 9 Pleading Requirement that a Plaintiff Plead a Claim of Fraud with Particularity.**

FRCP Rule 9 provides, in pertinent part, "In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake."  (Fed. R. Civ. Proc. Rule 9(b) (emphasis added).)

> *1.   Purpose of particularity requirement.*

Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity.  The particularity pleading requirement "provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and goodwill . . . and prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs. Ultimately, the question is what is required for a ticket to the federal discovery apparatus." (*United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009).)

The particularity rule is also "meant to protect defendants  from 'fishing expeditions and strike suits;' and to protect defendants from 'spurious charges of immoral and fraudulent behavior.'"  (*United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 445 (6th Cir. 2008) (internal punctuation omitted).)

"By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, *the rule requires the plaintiff to conduct a* <u>*precomplaint investigation*</u> *in sufficient depth to*

Case No. C 13-02081-WHA

R.K. TANNER ASSOCIATES LLP

1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1    *assure that the charge of fraud is responsible and supported,* rather than defamatory and

2    extortionate." (*Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)

3    (emphasis added.)

4        The rule discourages claimants from tossing accusations of fraud into pleadings "in order

5    to induce advantageous settlements or for other ulterior purposes," (*Bankers Trust Co. v. Old*

6    *Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992),) and prohibits claimants from filing suit

7    before searching for a specific cause of action grounded in fraud, (*Hayduk v. Lanna*, 775 F.2d

8    441, 443 (1st Cir. 1985).)

9        Lonergan asserts that the information she requires to sufficiently plead her complaint is in

10   the hands of the defendants and is thus inaccessible to her.  The Ninth Circuit holds that pleading

11   fraud on information and belief is acceptable if information is truly inaccessible to the pleader.

12   (*See Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987).)  However, the Ninth Circuit

13   also holds that where a plaintiff has adequate access to necessary facts there is no legitimate

14   excuse for filing vague complaint.  (*United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245

15   F.3d 1048, 1051-1052 (9th Cir. 2001).)

16       Here, Lonergan was a client of all named defendants, and had access to the facts she

17   needed to file a concise complaint had she only asked the defendants to provide said facts.  She

18   does not allege that any of the defendants refused her information.  She and her counsel

19   apparently simply find more drama in pretending that the defendants would have declined to do

20   so.  The failure of Lonergan and her counsel to conduct any precomplaint investigation strongly

21   suggest that neither is serious about resolving this issue on facts, preferring instead to claim fraud

22   and conspiracy upon innuendo for purposes that appear to have little or nothing to do with

23   resolving this matter on its merits.

24       **2.    *Specific particularity requirement.***

25       "In alleging fraud or mistake, Rule 9(b) requires a party to state with particularity the

26   circumstances constituting fraud or mistake, including 'the who, what, when, where, and how of

27   the misconduct charged.'" (*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir.

28   2010).)

R.K. TANNER ASSOCIATES LLP

1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

> Generally, a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. 'Evidentiary facts' as defined in Black's Law Dictionary are facts necessary for determination of ultimate facts. Rule 9(b) requires particularity as to the circumstances of the fraud - this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading.

(*In* re *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).)

Lonergan's complaint is built primarily upon vague allegations that contain no particularity, do not provide defendants fair notice of Lonergan's claims, and reveal that Lonergan and her counsel apparently conducted no precomplaint investigation in order to ensure the charges were responsible and supported.  Examples include:

> KABAJOUZIAN and BAE (the investment sponsors) sold phantom real estate investments, made through cash and SDIRA investments, for the purchase of real property that BAE never owned or held title to.

(Compl. ¶ 53.)

> Each of the transactions consummated for the purchase of the phantom real estate from BAE through a PROVIDENT TRUST SDIRA was a Prohibited Transaction because BAE and KABAJOUZIAN were "Disqualified Persons" and therefore were prohibited from receiving SDIRA monies.

(Compl. ¶ 54.)

> Through their affiliation with PROVIDENT TRUST and MY SELF DIRECT, KABAJOUZIAN and BAE were able to gain the trust and confidence of their targets/victims including the Plaintiff and Class Members and gain access not only to their cash but also to their retirement savings.

(Compl. ¶ 58.)

Lonergan pleads paragraphs 92 through 150 of her complaint with the particularity necessary to satisfy Rule 9(b) requirements.  However the allegations within those paragraphs are not sufficient to state a fraud cause of action against BAEG or Kabajouzian.  After subsequently pleading with particularity that  neither defendants Provident Trust nor Vanguard Title Insurance appeared to hold title to the income properties Lonergan purchased from BAEG, Lonergan then pleads the following conclusory allegations:

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1   LONERGAN'S SDIRA statements failed to accurately reflect the
2   fair market value of her SDIRA assets. Despite its knowledge of
    the fraudulent activities of BAE, VANGUARD and
3   KABAJOUZIAN, PROVIDENT TRUST failed to disclose that:
    (a) KABAJOUZIAN and BAE (PROVIDENT TRUST'S agent)
4   had sold Plaintiff and Class Members illegal securities; (b) their
    SDIRAS were illegal and void; (c) BAE, VANGUARD and
5   KABAJOUZIAN had stolen the SDIRA assets; and (d) their
    SDIRA accounts were worthless (most contained only worthless
    pieces of paper as their only asset).

6   (Compl.¶ 152.)

7   Since the inception of LONERGAN'S PROVIDENT TRUST
8   SDIRA, PROVIDENT TRUST has failed to hold title to any asset
    in LONERGAN'S SDIRA. From May 2012 until the present,
9   PROVIDENT TRUST was the SDIRA Custodian of nothing and
    LONERGAN still had to pay for the privilege of PROVIDENT
10  TRUST'S services for administering her worthless PROVIDENT
    TRUST SDIRA.

11  (Compl. ¶ 153.)

12      These conclusory allegations are not plead with sufficient particularity to provide the

13  defendants notice, to protect defendants  from 'fishing expeditions and strike suits,' to protect

14  defendants from 'spurious charges of immoral and fraudulent behavior,' or to demonstrate

15  Lonergan has conduct a <u>precomplaint investigation</u> in sufficient depth to assure that the charge of

16  fraud is responsible and supported.  Furthermore, the allegations group the defendants together,

17  which is impermissible pursuant to Rule 9(b).

18      Moreover, Lonergan fails to state sufficient facts to make Lonergan's claim plausible.  In

19  paragraphs 56 of her complaint, Lonergan alleges that Provident Trust is such a reputable

20  company that it gave BAEG and Kabajouzian credibility with potential investors.  In paragraphs

21  152 and 153, Lonergan alleges that Provident Trust is the scoundrel entity that stole Lonergan's

22  life savings, with the conspiratorial aid of BAEG and Vanguard Title Insurance.  It is implausible

23  that Provident played both the roles Lonergan alleges.

24      **3.**     ***Conclusory allegations are insufficient, inter alia because they do not give fair
               notice to defendants.***

25

26   [T]o be entitled to the presumption of truth, allegations in a
     complaint or counterclaim may not simply recite the elements of a
27   cause of action, but *must contain sufficient allegations of
     underlying facts to give fair notice and to enable the opposing
28   party to defend itself effectively.*  [T]he factual allegations that are
     taken as true must plausibly suggest an entitlement to relief, such

9

1    that it is not unfair to require the opposing party to be subjected to
     the expense of discovery and continued litigation.

2    (*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).)

3    Rule 8 and Rule 9(b) are not antithetical; they must be read together to provide

4    appropriate pleading requirements in cases involving fraud or mistake.  (*United States v. Martin-*

5    *Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004).)  Conclusory allegations that a

6    defendant's conduct was fraudulent and deceptive are not sufficient to satisfy Rule 9(b).

7    (*Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)

8    (conclusory allegations insufficient because main purpose of Rule 9(b) is to facilitate defendant's

9    ability to defend fraud charges).)

10   Except for paragraphs 92 through 150 of her complaint as discussed *supra*, Lonergan

11   pleads myriad unsupported, conclusory allegations that, if taken as true, would add substantial

12   support to Lonergan's claims.  However, the Court need not and should not take the allegations

13   as true because they support a claim for  fraud, and conclusory allegations are insufficient to

14   plead fraud.

15   Examples of Lonergan's conclusory allegations include.

16       As a result of Defendants' fraudulent conduct many investors,
         including Plaintiff and the Class Members, lost their life savings.

17   (Compl. ¶ 3.)

18

19       BAE sells unregistered securities in real estate through unlicensed
         sales representatives and through the websites:
20       www.bayareaequitygroup.com and
         www.guaranteedrentalproperties.com. BAE also sells SDIRA
21       services for MY SELF DIRECT and PROVIDENT TRUST
         through its unlicensed sales representatives, the websites
22       referenced in this paragraph and BAYAREASELFDIRECT.COM.

     (Compl. ¶ 9.)

23

24       MY SELF DIRECT owns the content of and the copyright to
         BAYAREASELFDIRECT.COM.

25   (Compl. ¶ 10.)

26       At all times material hereto, KABAJOUZIAN, BAE, and MY
         SELF DIRECT served as SDIRA record keepers, marketing
27       affiliates and agents of PROVIDENT TRUST.

28   (Compl. 14.)

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

R.K. TANNER ASSOCIATES LLP

1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1
2
3

> PROVIDENT TRUST and MY SELF DIRECT developed and
> provided all SDIRA marketing materials, SDIRA forms, and the
> "touch and feel" for the BAYAREASELFDIRECT.COM website
> which mirrors the "touch and feel" of the MY SELF DIRECT
> website whose content is copyrighted by PROVIDENT TRUST.

(Compl. ¶ 51.)

4
5
6
7

> PROVIDENT TRUST and MY SELF DIRECT provided the
> forms, "know-how" and information necessary for BAE,
> KABAJOUZIAN, and BAYAREASELFDIRECT.COM to sell
> PROVIDENT TRUST'S SDIRA services and illegal securities to
> Plaintiff and the Class Members.

(Compl. ¶ 52.)

8
9
10
11

> BAE and KABAJOUZIAN were able to "sign up" Plaintiff and the
> Class Members for PROVIDENT TRUST SDIRAS with literally
> no supervision or oversight by PROVIDENT TRUST.
> PROVIDENT TRUST literally had to do nothing but collect its
> very expensive Custodian fees.

(Compl. ¶ 57.)

12
13
14

> KABAJOUZIAN and BAE could not have obtained the monies in
> the retirement accounts of the Plaintiff and the Class Members
> without using a SDIRA, since that is the only investment vehicle
> that permits unregulated, non-traditional investments.

(Compl. ¶ 69.)

15
16
17
18

> KABAJOUZIAN and BAE were not legitimate investment
> advisers but instead sought to defraud Plaintiff and the Class
> Members by acting in a dual role of investment sponsor and
> SDIRA Record keeper/Administrator (in violation of law,
> including Internal Revenue Code § 4975).

(Compl. ¶ 70.)

19
20

### 4.   *Multiple defendants may not be grouped together.*

21
22
23
24
25

"[Rule 9(b)] does not allow a complaint to lump multiple defendants together, but requires plaintiffs to differentiate their allegations when suing more than one defendant." (*Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).)  "The plaintiff must allege facts with respect to each defendant's participation in the fraud."  (*American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).)

26
27
28

> To meet the particularity requirements of Rule 9(b), a complaint
> must specify the identity of the person making the
> misrepresentation, the time, place, and content of the
> misrepresentation, and the method by which the misrepresentation
> was communicated to the plaintiff. A complaint that attributes

R.K. TANNER ASSOCIATES LLP

1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1   misrepresentations to all defendants, lumped together for pleading
    purposes, generally is insufficient.

2   (*Circuit Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).)

3       Lonergan's complaint opens with allegations concerning grouping of the defendants.

4   *Inter alia*, Lonergan alleges that, "The parties are so inextricably intertwined and have such a

5   commonality and unity of interest that it is necessary to have a chart to keep track of the

6   incestuous relationships they have with each other.' (Compl. ¶ 15.)  Further, "[I]t is clear that

7   the relationship and association between [the Defendants] was and is multi-faceted and long-

8   standing;  it involves and involved shared personnel, resources, and control.  These Defendants

9   shared a unity and commonality of interest with one another, and the relationship and association

10  lacked independence between one another."  (Compl. ¶ 16.)

11      It appears from these introductory statements that Lonergan contemplated from the

12  beginning the need to group the defendants, either because of a lack of precomplaint

13  investigations, or because she has no particular or plausible allegations of fraud against any of

14  the defendants individually.

15      The remainder of Lonergan's complaint relies heavily upon grouping defendants.  As

16  discussed, *supra*, after pleading facts with particularity in paragraphs 92 through 150 of her

17  complaint, Lonergan appears to run out of facts and relies upon conclusory allegations that lump

18  all defendants together:

19          LONERGAN'S SDIRA statements failed to accurately reflect the
            fair market value of her SDIRA assets. Despite its knowledge of
20          the fraudulent activities of BAE, VANGUARD and
            KABAJOUZIAN, PROVIDENT TRUST failed to disclose that:
21          (a) KABAJOUZIAN and BAE (PROVIDENT TRUST'S agent)
            had sold Plaintiff and Class Members illegal securities; (b) their
22          SDIRAS were illegal and void; (c) BAE, VANGUARD and
            KABAJOUZIAN had stolen the SDIRA assets; and (d) their
23          SDIRA accounts were worthless (most contained only worthless
            pieces of paper as their only asset).
24
    (Compl.¶ 152.)
25

26          Since the inception of LONERGAN'S PROVIDENT TRUST
            SDIRA, PROVIDENT TRUST has failed to hold title to any asset
27          in LONERGAN'S SDIRA. From May 2012 until the present,
            PROVIDENT TRUST was the SDIRA Custodian of nothing and
28          LONERGAN still had to pay for the privilege of PROVIDENT

                                    12                          Case No. C 13-02081-WHA

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1    TRUST'S services for administering her worthless PROVIDENT
     TRUST SDIRA.

2    (Compl. ¶ 153.)

3         Following are further representative allegations in Lonergan's complaint that group

4    defendants:

5         [Defendants BAEG and Kabajouzian, acting with the other
          Defendants], "operated as a common enterprise selling illegal,
6         unregistered securities and SDIRA Custodian/Administrator . . .
          services to their victims/targets including Plaintiff and other Class
7         Members."

8    (Compl. ¶ 2.)

9         BAE also sells SDIRA services for MY SELF DIRECT and
          PROVIDENT TRUST through its unlicensed sales representatives,
10        the websites referenced in this paragraph and
          BAYAREASELFDIRECT.COM.

11   (Compl. ¶ 9.)

12        VANGUARD TITLE INSURANCE AGENCY, LLC
13        ("VANGUARD") is a Michigan limited liability company with its
          principal place of business in Sterling Heights, Michigan.
14        VANGUARD handled the processing of purchases of real estate
          by Plaintiff and the Class Members from BAE through cash
15        transactions and PROVIDENT TRUST SDIRAS.

16   (Compl. ¶ 11.)

17        At all times material hereto, KABAJOUZIAN, BAE, and MY
          SELF DIRECT served as SDIRA record keepers, marketing
18        affiliates and agents of PROVIDENT TRUST.

19   (Compl. ¶ 14.)

20        On or about May of 2011, BAE and KABAJOUZIAN launched
          BAYAREASELFDIRECT.COM as an affiliate of MY SELF
21        DIRECT selling PROVIDENT TRUST SDIRA services and
          illegal investments to its customers.
22

     (Compl. ¶ 48.)
23

24        BAE and MY SELF DIRECT could not serve as a SDIRA
          Custodian on their own because neither entity was licensed or
25        registered as a custodial bank or trust company so all SDIRA
          accounts that they "sold" were administered by PROVIDENT
26        TRUST. It is unknown how much compensation BAE and MY
          SELF DIRECT received from PROVIDENT TRUST for each
27        "sale" of SDIRA services.

28   (Compl. ¶ 50.)

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1    Even if Lonergan's allegations that group defendants were factual and true, they do not

2    "differentiate their allegations when suing more than one defendant."  They do not "allege facts

3    with respect to each defendant's participation in the fraud."  They do not "specify the identity of

4    the person making the misrepresentation, the time, place, and content of the misrepresentation,

5    and the method by which the misrepresentation was communicated to the plaintiff."  Moreover,

6    they do not provide fair notice to My Self Direct regarding what claims Lonergan specifically

7    makes against it.

8    As in the *Circuit Sears* case, because Lonergan's complaint attributes misrepresentations

9    and wrongful conduct to all defendants, lumped together for pleading purposes, her complaint is

10   insufficient.  As in the *Ackerman* case, it is obvious that Lonergan's failure to heed the pleading

11   requirements of Rule 9(b) caused her to *fail to conduct a precomplaint investigation* in sufficient

12   depth to assure that her charges of fraud are responsible and supported, rather than defamatory

13   and extortionate.

14   **B.    Lonergan's Complaint Fails to Satisfy the Rule 8 Pleading Requirement that a
        Plaintiff Plead Sufficient Facts to Make a Claim Plausible.**

15   FRCP Rule 8 requires, in pertinent part, that in order to state a claim for relief a pleading

16   must "show[] that the pleader is entitled to relief."  (Fed. R. Civ. P. 8(a)(2).)  The United States

17   Supreme Court has interpreted that rule to mean that, *inter alia,* a pleader must state facts that

18   make a claim "plausible."

19

20           To survive a motion to dismiss, a complaint must contain sufficient
             factual matter, accepted as true, to "state a claim to relief that is
21           plausible on its face." [Citation]. A claim has facial plausibility
             when the plaintiff pleads factual content that allows the court to
22           draw the reasonable inference that the defendant is liable for the
             misconduct alleged. [Citation]. The plausibility standard is not
23           akin to a "probability requirement," but it asks for more than a
             sheer possibility that a defendant has acted unlawfully.

24   (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (.S. 1937) (emphasis added).)

25           [T]he tenet that a court must accept as true all of the allegations
             contained in a complaint is inapplicable to legal conclusions.
26           Threadbare recitals of the elements of a cause of action, supported
             by mere conclusory statements, do not suffice. [Citation]
27           Although for the purposes of a motion to dismiss we must take all
             of the factual allegations in the complaint as true, we are not bound
28           to accept as true a legal conclusion couched as a factual allegation.

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

> Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

(*Id.* at 678-79 (emphasis added).)

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(*Id.* at 679 (emphasis added).)

To survive a motion to dismiss a complaint "[does] not require heightened fact pleading of specifics," but  must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*Id.* at 556.) I.e.,  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  (*Id.* at 555.)

Lonergan's complaint is filled with conclusory allegations that are not supported by any facts, let alone sufficient facts to make a claim plausible.  Examples include:

> At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that other Defendants were engaging in such unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to, and did, encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

(Compl. ¶ 20.)

> Defendants have also engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this complaint. The conspiracy, common enterprise, and common course of conduct continue to the present.

(Compl. ¶ 21.)

1         PROVIDENT TRUST and MY SELF DIRECT developed and
2   provided all SDIRA marketing materials, SDIRA forms, and the
    "touch and feel" for the BAYAREASELFDIRECT.COM website
3   which mirrors the "touch and feel" of the MY SELF DIRECT
    website whose content is copyrighted by PROVIDENT TRUST.

(Compl. ¶ 50.)

4

5         KABAJOUZIAN and BAE (the investment sponsors) sold
    phantom real estate investments, made through cash and SDIRA
6   investments, for the purchase of real property that BAE never
    owned or held title to.

7   (Compl. ¶ 53.)

8         BAE and KABAJOUZIAN were able to "sign up" Plaintiff and the
    Class Members for PROVIDENT TRUST SDIRAS with literally
9   no supervision or oversight by PROVIDENT TRUST.
    PROVIDENT TRUST literally had to do nothing but collect its
10  very expensive Custodian fees.

11  (Compl. ¶ 57.)

12        It is unknown at this time whether VANGUARD did not receive
    the SDIRA monies from PROVIDENT TRUST or cash transfers
13  from the Plaintiff and Class Members and instead the funds were
    diverted to accounts controlled by KABAJOUZIAN and BAE; or,
14  whether VANGUARD actually received the SDIRA monies or
    cash transfers from Plaintiff and the Class Members and then
15  VANGUARD diverted the funds to KABAJOUZIAN and BAE.

16  (Compl. ¶ 61.)

17      None of these allegations contains sufficient factual matter which, accepted as true, state

18  a plausible claim for fraud.  At best, the allegations *might* create a suspicion that there is some

19  "incestuous wrongdoing" afoot because the defendant entities actually participate with one

20  another other in conducting business.  The last allegation cited above reflects the true nature of

21  Lonergan's complaint, i.e., "It is unknown . . . ."  A plaintiff cannot plead fraud pursuant to the

22  particularity and plausibility requirements of Rule 8 and Rule 9(b) if the facts are "unknown" to

23  that plaintiff.

24  **C.**    **Because Lonergan Fails to Satisfy the Particularity Pleading Requirement of FRCP
    Rule 9(b), her RICO Claim also Fails.**
25
        Pursuant to the Federal Rules of Civil Procedure, in order to state a RICO claim
26
    predicated on fraudulent activity, Lonergan must plead the claim with the same particularity
27

28

*(left margin)* **R.K. TANNER ASSOCIATES LLP**
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

required of any fraud claim.  Lonergan predicates her RICO claim on wire fraud and mail fraud, and her claim fails for lack of particularity.

> ### 1. The Rule 9(b) particularity requirement applies to RICO claims predicated upon acts of fraud.

In the RICO context, Rule 9(b) calls for the complaint to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."  (*Moore v. PaineWebber, Inc.*, 189 F.3d 165, 172 (2d Cir. N.Y. 1999).)

> [A] plaintiff alleging predicate acts of mail and wire fraud must do so with particularity. See Fed.R.Civ.P. 9(b). In order to satisfy this standard, a RICO plaintiff must allege the identity of the person who made the representation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.

(*Slaney v. Int'l Amateur Ath. Fed'n*, 244 F.3d 580, 599 (7th Cir. Ind. 2001).)

The Ninth Circuit similarly holds that allegations of fraud in RICO claim must meet the pleading requirements of Rule 9(b).  (*Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir. 1988).)

Lonergan's complaint alleges, in pertinent part:

> Plaintiff is informed and believes that each and every predicate act described herein above was related, so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962 (c) in that: (a) their common purpose was to defraud Plaintiff and Class Members of their money and property; (b) the common result was the same; and (c) Defendants individually, personally, or through their agent or agents, directly and indirectly, participated in all of the acts and employed the same or similar methods of commission.

(Compl. ¶ 209.)

> 210. Plaintiff is informed and believes that each and every predicate act described herein and above by Defendants was continuous so as to form a pattern of racketeering activity in that: (a) they engaged in the predicate acts over a substantial period of time; and (b) the predicate acts have become the regular way of these Defendants conducting their business, and said racketeering business practices will continue indefinitely into the future.

(Compl. ¶ 210.)

Case No. C 13-02081-WHA

BAEG AND KABAJOUZIAN'S MOTION TO DISMISS COMPLAINT

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1    These allegations, pled on information and belief, do not meet the particularity

2    requirement of Rule 9(d).  Any potential plaintiff could, without any precomplaint investigation,

3    and without any supporting facts, could plead the same against any defendant or defendants.

4

5        **2.    *Multiple defendants may not be grouped together in alleging RICO claims.***

         Federal courts hold:

6

7            Because fair notice is perhaps the most basic consideration
             underlying  Rule 9(b), the plaintiff who pleads fraud must
8            reasonably notify the defendants of their purported role in the
             scheme." [Citation]   Therefore, in a case involving multiple
9            defendants . . . the complaint should inform each defendant of the
             nature of his alleged participation in the fraud. [Citations]  Rule
10           9(b) is not satisfied where the complaint vaguely attributes the
             alleged fraudulent statements to 'defendants.

11   (*Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 777-78 (7th Cir. 1994) (internal

12   punctuation omitted) (RICO causes of action dismissed for grouping defendants).)

13       Lonergan alleges in her RICO cause of action:

14           BAE and KABAJOUZIAN, who offered investments to Plaintiff
             and the Class Members, along with VANGUARD, a real estate
15           title company, MY SELF DIRECT, an IRA facilitator, and
             PROVIDENT TRUST, a SDIRA CUSTODIAN, together all
16           offered and promised Plaintiff and the Class Members the
             opportunity to purchase occupied, rehabbed residential property in
17           Detroit, Michigan; they guaranteed investment returns of 15%
             through cash transactions and/or transactions made through
18           PROVIDENT TRUST SDIRAS with Plaintiff and the Class
             Members' retirement monies. What Plaintiff and the Class
19           Members were actually "sold" by Defendants were "phantom" real
             estate investment properties, because none of the Defendants ever
20           owned or held legal title to any of the properties sold to Plaintiff
             and the Class Members. Defendants' common enterprise profited
21           from the sale of the "phantom" investment

22   (Compl. ¶ 201.)

23           Defendants, acting singly and in concert, personally, and/or
             through their agents as co-conspirators, or as aiders and abettors,
24           used the United States Postal Service, interstate wires, and
             electronic mail for the purpose of advancing, furthering, executing,
25           concealing, conducting, participating in, and carrying out the
             fraudulent scheme within the meaning of 18 U.S.C. § 1341 and §
26           1343.

27   (Compl. ¶ 204.)

28

                                    18                        Case No. C 13-02081-WHA

1  It cannot be fairly said that any of the defendants can receive fair notice of their alleged

2  part in the alleged RICO conspiracy from the above operative allegations.  Lonergan's complaint

3  does not inform each defendant of the nature of his alleged participation in the fraud.   Thus,

4  Rule 9(b) is not satisfied because the complaint vaguely attributes the alleged fraudulent conduct

5  to defendants.

6  The particularity rule is meant to protect defendants  from fishing expeditions and strike

7  suits,' and from 'spurious charges of immoral and fraudulent behavior.'" (*Marlar, supra*, 525

8  F.3d at 445.  Moreover, the rule contemplates requiring the plaintiff to conduct a precomplaint

9  investigation in sufficient depth to assure that the charge of fraud is responsible and supported.

10   (*Ackerman, supra,* 172 F.3d at 469 (emphasis added).)  To allow Lonergan to reach discovery

11  on the basis of her non-particular and implausible pleadings, which group the defendants

12  together, would eviscerate the intent of Rule 8 and Rule 9(b).

13  **V.  CONCLUSION**

14  For all the foregoing reasons, the Court should grant defendants Bay Area Equity Group,

15  LLC and Anto Kabajouzian's motion to dismiss Lonergan's complaint.

16

17  Dated:  August 12, 2013                          Respectfully submitted,
                                                       R.K. TANNER ASSOC. LLP
18

19  _____

20                                                     Rod K. Tanner, Counsel for Bay Area Equity
                                                       Group, LLC, Antranik Kabajouzian aka Anto
21                                                     Kabajouzian and My Self Direct, LLC

22

23  CERTIFICATE OF SERVICE

24  I am employed in the County of San Mateo, State of California.  I am over 18 and not a party to
   the within action.  My business address is 1900 S. Norfolk Street, Suite 350, San Mateo, CA
25  94403.

26  On August 8, 2013, I served in the manner indicate below the foregoing documents described as:

27  **DEFENDANT MY SELF DIRECT, LLC'S REPLY TO OPPOSITION TO MOTION TO
   DISMISS**

28

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

on the interested partied in this action:

| **PLAINTIFF COUNSEL** | Cathy J. Lerman, Esquire (pro hac vice) CATHY JACKSON LERMAN, PA<br>1440 Coral Ridge Drive<br>Coral Springs, FL 33071<br>954.663.5818<br>954.341.3568, fax<br>clerman@lermanfirm.com |
|---|---|
| **PLAINTIFF COUNSEL** | David Keith Dorenfeld, Esquire<br>Michael W. Brown, Esquire<br>SNYDER & DORENFELD, LLP<br>5010 Chesebro Road<br>Agoura Hills, CA 91301<br>818.865.4000<br>818.865.4010, fax<br>David@sd4law.com |
| **PLAINTIFF COUNSEL** | Lawrence T. Fisher, Esquire<br>BURSON & FISHER, P.A.<br>1990 North California Boulevard, Suite 940<br>Walnut Creek, California 94596<br>925.300.4455<br>925.407.2700, fax<br>ltfisher@bursor.com |
| **DEFENDANT COUNSEL** | Matthew L. Lalli mlalli@swlaw.com<br>SNELL & WILMER L.L.P.<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101<br>801.257.1900<br>801.257.1800, fax<br><br>Alina Mooradian<br>amooradian@swlaw.com<br>Jonathan R. Murphy<br>jrmurphy@swlaw.com<br>SNELL & WILMER L.L.P.<br>600 Anton Boulevard, Suite 1400<br>Costa Mesa, CA 92626-7689<br>714.427.7000<br>714.427.7799, fax |

R.K. TANNER ASSOCIATES LLP<br>1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 13-02081-WHA

BAEG AND KABAJOUZIAN'S MOTION TO DISMISS COMPLAINT

R.K. TANNER ASSOCIATES LLP
1099 S. Norfolk Street · Suite 350 · San Mateo · CA · 94403 · Tel 650.951.2520 · Fax 650.951.2521

| **DEFENDANT COUNSEL** | STEVEN R. LEFKOFSKY |
| --- | --- |
| | slefkofsky@lgpclaw.com |
| | JONATHAN E. SRIRO |
| | jsriro@lgpclaw.com |
| | LEFKOFSKY & GOROSH, P.C. |
| | 31500 Northwestern Highway, Suite 105 |
| | Farmington Hills, MI 48334 |
| | Telephone: 248.855.5508 |
| | Facsimile: 248.855.5512 |
| | |
| | LAURENCE F. PULGRAM (CSB No. 115163) |
| | lpulgram@fenwick.com |
| | JEDEDIAH WAKEFIELD (CSB No. 178058) |
| | jwakefield@fenwick.com |
| | CLIFFORD C. WEBB (CSB No. 260885) |
| | cwebb@fenwick.com |
| | FENWICK & WEST LLP |
| | 555 California Street, 12th Floor |
| | San Francisco, CA 94104 |
| | Telephone: 415.875.2300 |
| | Facsimile: 415.281.1350 |

21